**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lee Bell,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-02229-PHX-MTL<br><br>**ORDER** |

Before the Court is Petitioner William Lee Bell's Petition for Writ of Habeas Corpus (Doc. 3). Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and dismissed with prejudice. (Doc. 32.) The R&R also recommends that a certificate of appealability not be issued. (*Id.*) Petitioner timely filed objections to the R&R. (Doc. 33.) Respondent filed a response to Petitioner's objections. (Doc. 34.)

**I.    BACKGROUND**

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 32 at 1-9.) Petitioner objects to only one portion of the R&R's description of the factual and procedural background in this case, which pertains to an incident that occurred at a Walmart store on January 20, 2016. (Doc. 33 at 2.) The Walmart incident is one of three that underly Petitioner's convictions and sentences. The R&R's account of the Walmart incident is as follows:

> In the **Walmart incident**, on January 20, 2016, loss prevention personnel at

> Walmart observed Petitioner and two females engaging in suspicious activity, appearing to skip scanning items while doing self-checkout. The personnel followed and requested Petitioner reenter the store with the unpaid for items. The females, who had exited separately, drove up in Petitioner's pickup, and defendant removed a handgun from the truck, brandished it and racked the gun's slide. The store personnel withdrew and Petitioner and the females left in the truck.

(Doc. 32. at 1-2.) Petitioner instead recounts that on January 20, 2016, he drove two females to Walmart to buy a birthday gift for a child. (Doc. 33 at 2.) He attempted to pay for items at one register, took the items to another register, then used his credit card to pay for the items. (*Id.*) Petitioner argued with a loss prevention employee as he exited the store, he left the items in a shopping cart, and he walked away. (*Id.*)

Neither party objects to any other portion of the R&R's account of the facts and procedural history, and the Court hereby accepts and adopts the R&R's factual and procedural description. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## II. LEGAL STANDARD

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). But district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original). This de novo review requirement applies to "the portions of the [Magistrate Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009). Such objections must be "specific." Fed. R. Civ. P. 72(b)(2).

## III. DISCUSSION

The Court will not consider arguments raised for the first time in an objection. *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (holding that a district court

- 2 -

may decline to consider new allegations presented for the first time in objections). Many of Petitioner's arguments are raised for the first time in Petitioner's objections to the R&R. Petitioner has not previously raised, and so the Court will not consider, the following objections: (1) the prosecution failed to disclose mental health records; (2) Petitioner's attorneys never hired an investigator, gave petitioner erroneous advice, never allowed Petitioner to assert his innocence, never considered video evidence from Walmart, never interviewed witnesses, never advocated on Petitioner's behalf, and were disciplined by the State Bar of Arizona; and (3) Magistrate Judge Metcalf failed to make a "recommendation based on the United States Constitution. (Doc. 33 at 4-5.)

Nor will the Court consider re-assertions of the merits of underlying claims, particularly when the Petition is time-barred anyway. *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006) (finding that re-litigating the merits of a claim is "tantamount to no objection at all"); *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). The Court will therefore disregard Petitioner's contention that his counsel knew of his mental health diagnoses but did not speak with him about his mental health. (Doc. 33 at 4.)

None of Petitioner's remaining objections have merit. Petitioner first objects to the R&R's factual description of one of three incidents that led to Petitioner's convictions. (Doc. 33 at 2.) To support his objection to the R&R's factual background, he urges the Court to consider a "Walmart security video" and to "order the state of Arizona to turn [it] over." (*Id.* at 2.) The Court construes this as an objection to the R&R's finding that Petitioner's claim of actual innocence lacks merit, which requires "new reliable evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner does not present evidence; he requests the State of Arizona disclose footage concerning the Walmart incident. (Doc. 33 at 2.) The Court will not open discovery in this case. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) (citing *Harris v. Nerlson*, 394 U.S. 286, 296 (1969)) (holding that there "is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter."). Beyond Petitioner's request for the video, he presents only self-serving

statements, which are not trustworthy enough to constitute credible, reliable evidence under *Schlup*. *See Murphy v. Ducart*, No. CV 13-08901-BRO (DTB), 2015 WL 1238352, at *7 (C.D. Cal. Mar. 13, 2015) ("[P]etitioner's self-serving statements regarding his actual innocence are not the species of evidence required by *Schlup*, as they are inherently unreliable.").

Petitioner objects to Magistrate Judge Metcalf's "failure to address or answer the constitutional violation raised in petitioner's habeas." (Doc. 33 at 3 [citation modified].) The purported constitutional violation stemmed from Petitioner being charged a $55.00 fee in state court. (*Id.*) The Court already dismissed this claim, so the Court will not address it. (Doc. 6.)

Petitioner objects to the R&R's timeliness, statutory tolling, and actual innocence analyses because it misrepresents dates. (Doc. 33 at 6.) Petitioner does not provide further explanation, and the Court has found nothing in the record indicating that the R&R's representation of dates is erroneous.

Petitioners final objections are bare assertions that he exhausted his claims in state court, that he alerted the state court to the constitutional nature of claims, and that he has not procedurally defaulted his state remedies. (Doc. 33 at 6.) Petitioner does not cite to documents to support his conclusions. Nor does he elaborate further. The Court will not consider his unadorned, conclusory objections. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (holding that conclusory statements are insufficient to support a habeas petition).

None of Petitioner's objections have merit. Ultimately, the Court agrees with the reasoning in the R&R and Magistrate Judge Metcalf's conclusion that the Petition is time-barred. (Doc. 32.)

Petitioner asks the Court to issue a certificate of appealability. (Doc. 33 at 5.) Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is

debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon its own review of the record considering the standards for granting a certificate of appealability, the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

## IV.   CONCLUSION

**IT IS ORDERED** that Petitioner's objections (Doc. 33) are **OVERRULED**, and the Report and Recommendation (Doc. 32) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 3) is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's request for the issuance of a certificate of appealability is **DENIED** because jurists of reason would not find this Court's ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment and terminate this case.

Dated this 30th day of January, 2026.

Michael T. Liburdi
United States District Judge